UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.  402CR111

LARRY SIMMONS

ORDER

Convicted (in one count) of violating 21 U.S.C. §§ 846 and 851 ("Conspiracy to possess with intent to distribute and to distribute more than 50 grams of crack cocaine") and (in two other counts), of violating 21 U.S.C. §§ 841(a)(1) and 851 ("Distribution of more than 5 grams of crack cocaine"), doc. # 164, defendant Larry Simmons unsuccessfully appealed, *U.S. v. Simmons*, 103 Fed.Appx. 666 (11th Cir. 2004), and unsuccessfully sought 28 U.S.C. § 2255 relief. Doc. ## 181, 182-83, 185, 187, 190. The Court also *sua sponte* considered and denied 18 U.S.C. § 3582(c)(2) relief. Doc. # 198 ("A sentence of life imprisonment as to Count I is statutorily required in this case").

Diving head first into the "crack-wave" of cases identified in *Mosley v. U.S.*, 2008 WL 4755372 (S.D.Ga. 10/24/08) (unpublished),[1]

---

[1] This refers to the wave of § 3582(c)(2)-based, sentence-reduction motions rolling into federal courts nationwide in response to the U.S. Sentencing Commission's promulgation of Amendment 706, which amended the Drug Quantity Table in United States Sentencing Guidelines § 2D1.1(c). U.S.S.G.App. C, Amend. 706 (2007). That Amendment provides a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of 3/3/08. See U.S.S.G.App. C, Amend. 713 (Supp.

Simmons has filed his own 18 U.S.C. § 3582(c)(2) "Motion For Retroactive Application of [the U.S.] Sentencing Guidelines to a Crack Cocaine Offense." Doc. # 205.

However, while citing to the Guideline Amendments, he actually argues that he

> has been successful in the attack of a prior state conviction which invalidates the 21 U.S.C. § 851 notice of enhancement initially filed by the Government, and to which would now qualify Petitioner to receive a 2-point level reduction from his original guideline base offense level (BOL).

*Id.* at 1. This raises the question whether Simmons presents a crack-wave or a § 2255 case. For that matter, it is established law that if § 2255 supplies the remedy for the relief requested, then § 2255 must be used. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n. 1 (11th Cir. 2008) ("a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so"). Furthermore,

> it cannot seriously be disputed that § 2255 provides an adequate and effective remedy to correct a sentence that was enhanced by a state court conviction which has subsequently been reversed, as a "defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson v. United States*, 544

---

May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment). *U.S. v. Moore*, 541 F.3d 1323, 1325 (11th Cir.2008).

*Mosley*, 2008 WL 4755372 at * 1 n. 2.

U.S. 295, 303, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005); *see also Dean v. McFadden,* 133 Fed. Appx. 640, 641 (11th Cir.2005) (§ 2255 provides adequate and effective remedy where petitioner attacks sentence based on vacatur of underlying state conviction).

*Baisden v. Middlebrook,* 2008 WL 4525365 at * 2 (N.D.Fla. 10/2/08) (unpublished).

Here Simmons invokes the crack-wave label but in fact is challenging his federal sentence by now claiming that it is undermined by the vacation of his underlying state convictions. Having already invoked § 2255 once, he by definition now advances a second (hence, successive) § 2255 motion -- so now he must go directly to the Eleventh Circuit for that. *Antonelli,* 542 F.3d at 1352; *see also Hairston v. Groneolsky,* 2008 WL 1813160 at * 2 (3rd Cir. 4/23/08) (unpublished) (applying successiveness bar, but noting defendant's right to independently seek crack-wave relief); *U.S. v. Barnes,* 2008 WL 2329422 (M.D.Fla. 6/4/08) (unpublished) ("Nothing in Amendment 706 allows a defendant to collaterally challenge his prior convictions").

Defendant Larry Simmons's 18 U.S.C. § 3582(c)(2) motion (doc. # 205) is therefore ***DENIED***. Simmons also moves for appointment of counsel. Doc. # 206. The Court ***DENIES*** that, too, as he has demonstrated ample capacity to represent himself, there is no right to counsel on collateral review, *Lawrence v. Florida,* 127 S.Ct. 1079, 1085 (2007), and there would be no realistic case here for counsel to litigate in any event.

This 17 day of November, 2008.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA